## FULFORD *v.* FLANDERS *et al.*

Where one died leaving an estate and a last will and testament disposing of it, and two of the legatees named in the will were named as executors and duly qualified as such, and subsequently other legatees brought an equitable suit against the legatees who were executors 'under the will, charging in the petition that the executors had been guilty of waste and mismanagement and failure to perform their duties in several respects named, and praying for an accounting and a judgment against the executors, this was not such a suit as would affect a purchaser of the shares of the two distributees made defendants in the suit under the doctrine of lis pendens, whether the suit was against them individually or as executors, or both; as the suit did not involve an assertion of an interest in the portion of the estate devised to the defendants, the

executors, nor did it seek to set up any existing lien upon their interest under the will. Applying this ruling to the facts of this case, it was error for the court to direct the verdict excepted to by the plaintiff in error.

No. 5216. June 19, 1926.

Money rule. Before Judge Camp. Johnson superior court. November 14, 1925.

*B. B. Blount,* for plaintiff in error.

*Hardwick & Adams* and *A. L. Hatcher,* contra.

Beck, P. J. This suit arose upon an intervention filed by the plaintiff in error to a petition to distribute funds which were in the hands of a receiver who had been appointed by order of court to take charge of the assets of the estate of John A. McAfee. The intervenor claimed that he was entitled to a part of the funds; that he had purchased in 1909 the interests of J. K. and J. T. McAfee, two of the legatees named in the will of John A. McAfee. The two legatees last named were the executors named in the will, and had duly qualified soon after the death of the testator in 1896. In 1906 the defendants in error, Mrs. Sarah Ann Flanders and two others, alleging themselves to be the children of John A. Mc-Afee and legatees named in his will, brought suit against the two executors, alleging that the latter had been guilty of mismanagement and waste; that they had failed to make returns and refused to make distribution, though the estate was ready for distribution, and refused to assent to their legacies, without reason; that in disregard of their duty to have the estate invoiced and appraised, they had failed and refused to do this, and that though they were in possession of the estate, consisting of certain described tracts of land and personalty in part notes and accounts, they "kept no account of the estate at all, and made no annual returns of their receipts and disbursements, to the wrong and injury of petitioners and the other beneficiaries under the will;" and after stating that the sum of $6,000 or $7,000, or other large sum, had gone into the hands of the executors, for which amount the latter were chargeable, together with interest for over ten years, it is alleged, that "for these several sums of money J. K. and J. T. McAfee are jointly and individually liable in their representative capacity to the legatees of said estate under said will;" that "on account of the default as aforesaid, made by the said J. K. and J. T. Mc-

Afee as executors aforesaid, they are jointly and individually liable to the beneficiaries of said estate under said will for all the sums of money received by them;" that the named executors refuse to pay over to the legatees their respective legacies and to properly execute their trust under the terms of the will; and that a court of equity has authority to marshal the assets of the estate and compel an accounting by the executors. The prayers are, that the executors be required to assent to and pay off the legacies; that the legatees be required to account to the estate for the various sums of money due by them to the estate; that an accounting be had; that the assets be marshaled and distributed; that the real estate be divided in kind or be sold and distributed, according to the terms of the will.

In pursuance of this equitable petition filed in 1906, a verdict was rendered in 1912 in favor of the plaintiffs against the defendants, the executors, for the principal sum of $5,079, and $2,436.92 interest, and a decree was rendered accordingly. In the meantime, that is in 1909, Fulford, the plaintiff in error, had purchased the interests of J. K. and J. T. McAfee, and in his intervention set up the fact of this purchase as the basis of his claim to a two-sevenths interest in the fund in the hands of the receiver. There was evidence that while he had bought pending the equitable suit filed in 1906, he made the purchase bona fide and for value. The court directed a verdict finding against the intervenor as to this contention, and he excepted.

We are of the opinion that the court erred in directing a verdict against the interest in the estate shown by the intervenor in consequence of his purchase of the one-seventh interest each belonging to J. K. and J. T. McAfee, the defendants in the original case. It is true that this purchase was made pending the original equitable suit filed in 1906; but while that suit prayed for an accounting and that the executors be required to assent to and pay off the legacies, and that the legatees be required to account to the estate for the various sums due by them, and also sought an accounting of "all matters and things relating to the estate and of the acts and doings of the executors," that the assets of the estate be marshaled and distributed, and that the realty of the estate be divided in kind or be sold and distributed, as under the

terms of the will it was provided, nevertheless the suit was not one affecting the interests of the two legatees and distributees under the will, who were the executors and made defendants in that suit. Nor did that suit seek to establish a lien against the interest of those two legatees beyond such lien as they would acquire by a final judgment. That being true, a purchaser from the two legatees, the defendants in the suit referred to, was not affected by the doctrine of lis pendens so that a purchase from these two legatees would be invalidated, if the purchase was made bona fide and for value. And whether it was made bona fide and for value was a question to be determined under the evidence in the case, the purchaser himself showing by his testimony that the purchase was made bona fide. Of course if the bona fides is attacked, and it should be insisted that the sale was void because made to hinder and delay creditors or for other reasons, the pendency of the suit might be a fact that the jury could consider in passing upon the question as to whether the sale was void or not, under the proper instructions of the court. But the sale was not void as against the plaintiffs in that original suit on the ground that the intervenor, the purchaser from the legatees, was affected by the doctrine of lis pendens.

*Judgment reversed. All the Justices concur, except Hines, J., disqualified.*